## Application of BARD.

(Court of Appeals of District of Columbia. Submitted January 12, 1927. Decided March 7, 1927.)

No. 1814.

Patents ⊂⇒26(1)—Application for patent for train pipe line coupling held not to disclose invention.

Application for patent for device comprising a train pipe coupling for connecting the pipe lines of adjacent railroad cars *held* not to disclose invention.

Appeal from the Commissioner of Patents.

Application by Francis Norwood Bard for a patent. From a decision of the Commissioner of Patents, rejecting all claims, applicant appeals. Affirmed.

Paul Carpenter, of Chicago, Ill., and J. T. Basseches, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decision of the Commissioner of Patents rejecting all of the 20 claims in the appellant's application for a patent.

Appellant's device comprises a train pipe coupling for connecting the pipe lines of adjacent railroad cars, consisting of sections of pipes provided with ball and socket joints to permit or allow for the relative movements caused by the swaying of the coupled cars. As shown by the drawing, the pipe sections upon each car are coupled together by such joints, and the combination is coupled to the train pipe by a similar joint, while the free end carries the head of the coupling device adapted to be united with a similar train pipe coupling carried by the adjacent car. The appellant claims extreme flexibility for the device when functioning; also the characteristic of staying coupled under the most adverse conditions, freedom from steam hammer, and, because of insulation, freedom from possible freezing. He claims that the device is a new combination, which has produced results in practice sufficient to prove that it is a patentable invention.

The record discloses that the application received the careful consideration of the Primary Examiner, who rejected all of the claims upon the following references, to wit: Schreiber, April 17, 1917; Martin, August

11, 1903; Greenlaw, February 13, 1906; McKim, March 13, 1894; Nixon, May 19, 1908; and Bard, September 10, 1918. The following patents were also referred to by the Examiner, to wit: Legat, October 2, 1888; Benson, April 26, 1898; Cote, February 25, 1890; and Moran, July 11, 1893.

The applicant appealed to the Board of Examiners in Chief, who affirmed the decision below, holding that all of the claims were unpatentable, and saying in part: ·

"We do not believe that the specific features defined in appellant's claims co-operate in any new or unobvious manner to produce new or unexpected results, but rather view his claims as involving the substitution for certain parts of an old and well-known combination, their equivalents shown in similar relations in other old and well-known combinations."

An appeal was then taken to the Commissioner of Patents, who affirmed the decision of the lower tribunals, saying in part:

"All of these rejections are deemed sound, for the reasons stated by the tribunals below. The specific applications of the references to each claim is given in the decision of the Examiners in Chief and need not be repeated here. * * * It is not believed that the claims are patentable over the cited art."

We have reviewed the record, and are of the opinion that these decisions are correct, and, in view of the careful explanations set out in them, we do not find it necessary to enter into a detailed discussion of the case.

The decision of the Commissioner of Patents is accordingly affirmed.